# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| IN RE: | |
| R. SCOTT APPLING AND CONNIE F. APPLING, | CHAPER 7 NO. |
| | 13-30083-JPS |
| Debtors. | |
| LAMAR, ARCHER & COFRIN, LLP, | |
| Plaintiff, | |
| | ADVERSARY NO. |
| v. | |
| | 13-3042 |
| R. SCOTT APPLING, | |
| | JUDGE SMITH |
| Defendant. | |

## MOTION TO DISMISS

COMES NOW, Defendant, prior to the filing of his answer and in accordance with Bankruptcy Rule 7012 and F.R.C.P 12(b)(6), and files this Motion to Dismiss and shows the Court that the Complaint fails to state any claim against Defendant cognizable under 11 USC § 523(a)(2)(A).

I.    Standard of Review under F.R.C.P 12(b)(6).

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). See also Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282 (11th Cir. 2007) (affirming dismissal of complaint under Twombly). A Plaintiff must make factual allegations that are "enough to raise a right to relief above the speculative level" and which set forth "enough facts

to state a claim to relief above the speculative level" and which set forth "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 544, 570, 127 S.Ct. at 1965, 1974.  The Court is not required to accept "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts."  Osford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

In addition, a Rule 12(b)(6) motion to dismiss may be granted when a plaintiff fails to comply with the notice pleading requirements, See Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985), Federal Rule of Civil Procedure 8, as made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7008, requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  However, to comply with Federal Rule of Civil Procedure 8, a complaint must provide "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Charles H. Wesley Educ. Found., Inc. v. Cox, 408 F.3d 1349, 1352 (11th Cir. 2005) (citation and quotation marks omitted).  Although notice pleading does not require a plaintiff to allege specific facts "to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  Stephens, Inc., 500 F.3d at 1282-1283 (citations and quotation marks omitted).

When a court is reviewing a complaint in the face of a motion to dismiss, it must consider a "two-pronged approach."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).  First, "the tenant that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."  Iqbal, 129 S.Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 129 S.Ct. at 1949.  The

second prong requires that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S.Ct. at 1950. The Court in Iqbal explains that the "plausibility," a "short and plain statement of the claim showing that the pleader is entitled to relief," requires more than the "mere possibility of misconduct." Iqbal, 129 S.Ct. at 1950.

II. Factual Basis of Complaint.

Viewing the allegations in the light most favorable to the Plaintiff and without admitting the veracity of any such facts, the instant complaint is essentially a demand for attorney's fees alleged to have been earned by Plaintiff from its representation of Defendant and his closely-held corporation. Plaintiff represented Defendant in civil litigation and wants to be paid. The representation began at least by 2004. (Complaint at 5). By March 2005, Plaintiff alleges that Defendant was delinquent in payment of invoices in the amount of $66,710.57. (Complaint at 7).[1] To collect that debt, Plaintiff advised Defendant that it would be forced to withdraw from the representation if the account was not brought current. (Complaint at 8). After Defendant advised that he "was due a tax refund in excess of $100,000.00" for tax year 2004 and "represented that the tax refund would be sufficient to pay all outstanding legal fees and expenses," Plaintiff agreed to continue the representation. (Complaint at 8, 10). Defendant did receive the tax refund but Plaintiff was not paid from that source. (Complaint at 11). Plaintiff alleges that it relied on the representation that the tax refund would be paid to continue its work, thereby rendering the debt non-dischargeable in this bankruptcy under 11 U.S.C. § 523(a)(2)(A).

III. Exception to Discharge under 11 U.S.C. § 523(a)(2)(A)

The discharge of pre-existing debt is the primary goal of bankruptcy policy. A central purpose of the Code is to provide a procedure by which certain insolvent debtors can reorder

---

[1] Plaintiff omits the fact that Defendant paid a substantial retainer of $50,000.00 at the time that the representation began and another $50,000.00 prior to this March 2005 date.

their affairs, make peace with their creditors, and enjoy 'a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt.' Grogan v. Garner, 498 U.S. 279, 286 (1991).  Accordingly, exceptions to discharge are to be strictly construed in favor of the Debtor.  Meyer v. Rigdon, 36F.2d 1375, 1385 (7th Cir. 1994).  The burden of proof in the case is always on the Plaintiff. F.R.B.P. 4005.

Under 11 U.S.C. § 523(a)(2)(A), a discharge may not be granted on account of money, property, services, or credit "to the extent obtained by – (A) false pretenses, a false representation, or actual fraud, *other than a statement respecting the debtor's or an insider's financial condition*." (emphasis supplied).  Turning to the caselaw, to prevail on a claim under 11 U. S. C. § 523(a)(2)(A), Plaintiff must prove:

(1) The debtor made a false representation of a past or current material fact;

(2) With the intent to deceive the creditor;

(3) The creditor justifiably relied upon the representation;

(4) The creditor sustained loss as a proximate result of the representation.

See, In re St. Laurent, 991 F.2d 672, 676 (11th Cir. 1993).  Only truly blameworthy conduct rather than technical fraud will suffice. See, In re Anderson, 181 B.R. 943, 949 (Bank. D. Minn. 1995).

An actual, overt representation is the *sine qua non* of Section 523(a)(2)(A). In re Hunter, 780 F.2d 1577, 1578 (11th Cir. 1986).  The representation must relate to a past or existing material fact. Lycan v. Walters, 904 F.Supp 884, 887 (S.D. Ind. 1995).  Generally fraud will not lie for future promises or facts except where, at the time of the promise, the creditor can show actual intent by the debtor not to perform the act. See, In re Turner, 12 B.R. 497, 501 (Bank. N.D.Ga. 1981).  Even then a statement of future intention is not a misrepresentation if the

intervening events or future facts turn out to be different. Palmacci v. Umpierrez, 121 F.3d 781, 787 (1st Cir. 1997).

    IV.    Applying the Law to these Facts

In the instant case, the only representation alleged by Plaintiff is that Defendant would pay attorney fees to Plaintiff in the future from an anticipated 2004 tax refund. (Complaint at 12). This alleged representation is insufficient to establish liability as a matter of law.

First, this representation was an oral statement respecting the debtor's financial condition that is not actionable under the text of 11 U.S.C. § 523(a)(2)(A). Plaintiff was generally aware of Defendant's overall financial condition due to the work it was doing on this case involving a failed business venture. (Complaint at 4-5, 8). Plaintiff alleges that Defendant was substantially in arrears on its invoices. (Complaint at 7). Plaintiff failed to show any written documentation of the alleged representation. The representation relates to financial data provided to Plaintiff. "A statement that a debtor will receive a substantial amount of income from which a loan would be repaid is "unequivocally a statement concerning [the debtor's] financial condition." In re Calloway, 2006 WL 65890222, (Bank. N.D.Ga. 2006). See also, In re Sharpe, 351 B.R. 409, (Bank.N.D.Tex. 2006) (finding that the debtor's oral statement to the plaintiff that he had money stashed away that he would use to repay the plaintiff was a statement respecting the debtor's financial condition). "A creditor who forsakes that protection [of a writing], abandoning caution and sound business practices in the name of convenience, may find itself without protection." In re Kaspar, 125 F.3d 1358, 1361 (10th Cir. 1997). As in Sharpe and Calloway, the debtor's oral representation, even if false, is not actionable under 11 U.S.C. § 523(a)(2)(A).

Second, this representation was clearly about a future occurrence rather than a past or current event. The mere subsequent failure to pay does not establish intent. In re Burgess, 955

F.2d 134, 137 (1st Cir. 1992). Plaintiff has failed to allege any actual intent not to pay in the future anywhere in the complaint. The general rule applies in this case, and the future representation is insufficient as a matter of law.

Third, Plaintiff has not pled any facts establishing justifiable reliance. Plaintiff alleges only that Defendant had the tax return prepared and that a large refund was anticipated. (Complaint at 8). At the time of the alleged misrepresentation, there were too many unknowns for anyone, much less the sophisticated Plaintiff law firm here, to rely on. "Justification of the reliance is a matter of the qualities and characteristics of the particular plaintiff and the circumstances of the particular case, rather than of the application of a community standard of conduct in all cases." Field v. Mans, 516 US 59, 61, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995). In this case, Plaintiff did not know that the taxing authority would approve the return, the actual amount of the refund, or the timing of the payment of the refund. Plaintiff apparently did not even take the opportunity to review the tax return itself. No document was drawn up to reflect any assignment of the funds from the tax return. There is not even a letter from Plaintiff to Defendant confirming the alleged conversations about the tax return. The lack of such a letter is in stark contrast to the March 9, 2005 letter demanding payment attached to the complaint as Exhibit B. Essentially, Plaintiff had at best a promise to pay based on the hope of future income, indeterminate as to time and amount. This is the same situation in which every other creditor of a bankrupt debtor finds himself.

Finally, Plaintiff has not pled any facts to substantiate its loss. Clearly, Plaintiff can claim reliance on the alleged misrepresentation only as to the performance of future work. The complaint alleges that work performed prior to the alleged representation in March 2005 constitutes at least $66,710.57 of the amount sought in the complaint. (Complaint at 7).

However, Plaintiff makes no attempt at all in the complaint to link its reliance to any actual pecuniary loss sustained.  Plaintiff has failed to establish any proximate cause.  Plaintiff simply hoped that Defendant would pay and kept on working, a situation not at all uncommon.

As Plaintiff has both relied on an oral representation concerning Defendant's financial condition and has not alleged sufficient facts to prove any of the elements of fraud, the complaint under 11 U.S. C. § 523(a)(2)(A) fails as a matter of law and is subject to dismissal by the Court.

WHEREFORE, Defendant respectfully demands that the complaint be dismissed.  Respectfully submitted this 28th day of May, 2013.

/s/  Daniel L. Wilder
DANIEL L. WILDER
State Bar No. 141448
Attorney for Defendant

EMMETT L. GOODMAN, JR. LLC
544 Mulberry Street, Suite 800
Macon, Georgia 31201
Telephone:  (478) 745-5415

CERTIFICATE OF SERVICE

    I, Daniel L. Wilder, do certify that I have served the Plaintiffs' attorney with a true and correct copy of the within and foregoing Motion to Dismiss by depositing a copy of the same to each in the United States Mail in a properly addressed envelope with adequate postage thereon to:

Mr. Bruce B. Weddell
Burbage & Weddell, LLC
100 Colony Square, Suite 1825
1175 Peachtree St. NE
Atlanta, GA 30361

    This 28th day of May, 2013.


                                                    */s/  Daniel L. Wilder*
                                                    DANIEL L. WILDER
                                                    State Bar No. 141448
                                                    Attorney for Defendant

EMMETT L. GOODMAN, JR. LLC
544 Mulberry Street, Suite 800
Macon, Georgia 31201
Telephone:  (478) 745-5415