# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| R. SCOTT APPLING and<br>CONNIE F. APPLING | |
| | CASE NO. 13-30083-JPS |
| Debtors | |
| LAMAR, ARCHER & COFRIN, LLP | |
| Plaintiff | |
| vs. | ADVERSARY PROCEEDING<br>NO. 13-03042 |
| R. SCOTT APPLING. | |
| Defendant | |

## SURREPLY OF PLAINTIFF IN OPPOSITION
## TO DEFEDANT'S MOTION TO DISMISS

COMES NOW Plaintiff, Lamar, Archer & Cofrin, LLP, and with the permission of the Court granted at the hearing on July 2, 2013, files its Surreply in Opposition to Defendant's Motion to Dismiss. This Surreply only addresses issues raised for the first time in Defendant's Reply Brief filed (Doc.13) on June 24, 2013.

### DEFENDANT'S PLEDGE OF HIS TAX REFUND
### TO PLAINTIFF WAS NOT REQUIRED
### TO BE IN WRITING

At the outset, it must be emphasized that Defendant failed to address in its Reply Brief or at oral argument Plaintiff's main contention that the writing

requirements of 11 U.S.C. §523(a)(2)(B) do not apply to Defendant's pledge of a single disclosed asset (his tax refund) as the parties are in agreement that the representation regarding the asset was accurate. As the Court noted at the hearing, there is no requirement that a creditor's promise to pay be in writing. Thus, there is not an issue under §523(a)(2)(A) as to whether disclosure of the single asset was required to be in writing. However, for argument sake, Plaintiff will address Defendant's continuing discussion of the status in various courts of the writing requirement for a single asset.

In the Reply Brief and at oral argument, Defendant asserted that the Bankruptcy Court's decision in *In re*: *Wube*, 2013 WL 1137108 (Bankr. D.D.C. 03/19/13) was the "most relevant" case on this issue. In reality, the Bankruptcy Court's discussion of the <u>unanimous</u> Fifth Circuit Court of Appeals decision in *In re*: *Bandi*, 683 F3rd 671 (5th Cir. 2012) was mere *dicta* and the Bankruptcy Court, in a subsequent decision not acknowledged by Defendant, denied the Defendant's motion to dismiss an amended complaint with allegations such as those contained in the recently filed Amended Complaint in this case.

In *Wube*, it was alleged that the debtor misrepresented his ownership interest in and ability to book certain night clubs. Although the Bankruptcy Court in its March, 2013 decision did, in a purely academic analysis, state its disagreement with the unanimous Fifth Circuit Court's holdings in *Bandi*, the Bankruptcy

Court's discussion of *Bandi* has no precedential value and is strongly against the weight and trend of court decisions not requiring a writing for representations regarding a single asset to be actionable. *See*, Plaintiff's Response [Doc. 10], at 11-14.

Moreover, following the original *Wube* decision, the Bankruptcy Court allowed the plaintiff to file an amended complaint and in a subsequent decision in *In re*: *Wube* 2013 Bankr. *LEXiS* 1982 (Bankr. D.D.C. 5/15/13), the Bankruptcy Court denied the defendant's motion to dismiss plaintiff's amended complaint as the amended complaint "alleges more than a statement respecting Wube's financial condition, because it alleges that Wube misrepresented his intent to perform under the contract." *Id.*, at 7. As the Bankruptcy Court noted "[A] promise made with a positive intent not to perform or without a present intent to perform satisfies §523(a)(2)(A)." *Id*. Just like in the second *Wube* decision, Lamar, Archer & Cofrin amended its original Complaint and asserted that Defendant when promising to pay his tax refund to Plaintiff "had no intent to pay the Lamar Archer invoice from the tax refund" and that Appling "had no intent to honor the tax refund pledge when made . . ." Plaintiff's Amended Complaint [Doc. 9], Par. 11. The Amended Complaint goes on to state, in detail, facts supporting the Defendant's alleged lack of intent to perform his promise. *See,* Plaintiff's Amended Complaint, Pars. 11-18.

3

Thus even after criticizing the *Bandi* court's narrow construction of the term "financial condition", the *Wube* court held an amended complaint strikingly similar to Lamar Archer's herein, stated a valid claim.

## THE AMENDED COMPLAINT ALLEGATIONS OF INTENT ARE PLAUSIBLE

Most importantly, Plaintiff has alleged in its Amended Complaint – which for purposes for a motion to dismiss must be taken as true – that Mr. Appling on November 2, 2005 made a promise identical to his March 9, 2005 promise that he would pay his tax refund to the Plaintiff when received, when in fact it is now acknowledged by Defendant that he had received and already spent the tax refund elsewhere prior to making the November 2, 2005 promise to Plaintiff. Compare Amended Complaint., Par. 15 with Defendant's original Answer [Doc. 8] at Pars. 10 and 11 and Amended Answer [Doc. 15] at Par. 15. Not only does Paragraph 15 state a claim for actual fraud regarding the November 2nd pledge of the tax refund, it strongly evidences a similar intent to defraud when making the March 9th promise.

Credence is also lent to Plaintiff's allegations of lack of present intent to commit use of the tax refund to the payment of Plaintiff's invoices by Defendant's response to Paragraph 9 of Plaintiff's Amended Complaint. Compare Plaintiff's Paragraph 9 ("Appling specifically represented and pledged that the tax refund

would be used by him for payment of past due amount and subsequent legal fees") <u>with</u> Defendant's Amended Answer Paragraph 9 ("it was a mathematical certainty that the refund would be sufficient to pay those fees <u>if Defendant had in fact elected to pay them with the anticipated refund; Defendant denies that he did so</u>." ) (Emphasis supplied).  Thus, Defendant has admitted in his Answer to the Amended Complaint that contrary to his absolute promise to Plaintiff, at the time he made his promise he only intended to utilize the refund for payment of Plaintiff's invoices if he "elected to do so".

## PLAINTIFF JUSTIFIABLY RELIED UPON DEFENDANT'S PROMISE

Although Defendant <u>argues</u> that Lamar Archer had "equal knowledge of the precariousness of the Defendant's financial condition"[1] there is nothing in the pleadings or record before this Court to substantiate such argument.  Defendant's only citation in support of its argument is to Paragraphs 8 of Plaintiff's Amended Complaint which simply states that Defendant was in arrears on Plaintiff's invoices.  Such an allegation hardly constitutes evidence that Plaintiff had equal knowledge of the status of Defendant's business operations.[2]  There is no reason why Lamar Archer was not entitled to rely upon the repeated promises of its client.

---

[1] Defendants' Reply [Doc. 13], at 4.
[2] At the hearing, defense counsel made numerous representations of what he believed the evidence might show regarding reliance in this case if the case proceeds to trial.  However, as the Court noted, such presentations of alleged future evidence are not relevant to a motion to dismiss.

5

## THE ENTIRE INDEBTEDNESS IS NON-DISCHARGEABLE

Plaintiff has already cited numerous authorities that §523(a)(2)(A) disallows the discharge of an individual debtor of any debt for "an extension, renewal or refinancing of credit to the extent obtained by . . . false pretenses, a false representation or actual fraud." *See*, Response to Motion to Dismiss [Doc. 10] at 19 and authorities cited therein. This Court has previously so held. *See*, *International Fidelity Insurance Company v. Baxter*, 294 B.R. 800, 807 (Bankr. M.D. Ga. 2003). Defendant relies upon the dissent's opinion in *Wolf v. Campbell*, 159 F3rd 963 (6th Cir. 1998) asserting that Plaintiff must prove additional injury beyond mere forbearance in order to make the prior debt non-dischargeable. *See*, Defendant's Reply [Doc. 13] at 5. However, Defendant tacitly admits that the majority opinion in Wolf as well as the court's decisions in the other cases cited by Plaintiff in its Response do not require proof of such additional damages. In any event, in this case, Plaintiff did extend additional credit and "new money" to Defendant in reliance upon his representations, as well as forbearing collection of past due indebtedness. Thus, even under the minimal authority cited by Defendant, Defendant's prior indebtedness is non-dischargeable.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully submits that Defendant's Motion to Dismiss should be denied and discovery be allowed to proceed.

                                          Respectfully submitted,

                                          /s/Bruce B. Weddell_____
                                          Bruce B. Weddell
                                          Georgia State Bar No. 745300
                                          Attorney for Plaintiff

Burbage & Weddell, L.L.C.
100 Colony Square, Suite 1825
Atlanta, Georgia 30361
(404) 817-8071
Email: bweddell@bwatl.com

                                          /s/ Robert C. Lamar_____
                                          Robert C. Lamar
                                          Georgia State Bar No.431175
                                          Attorney for Plaintiff

Lamar Archer & Cofrin
50 Hurt Plaza, Suite 900
Atlanta, Georgia
(404) 577-1777
Email: rclamar@laclaw.net

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| R. SCOTT APPLING and<br>CONNIE F. APPLING | |
| | CASE NO. 13-30083-JPS |
| Debtors | |
| LAMAR, ARCHER & COFRIN, LLP | |
| Plaintiff | |
| vs. | ADVERSARY PROCEEDING<br>NO. 13-03042 |
| R. SCOTT APPLING. | |
| Defendant | |

## **CERTIFICATE OF SERVICE**

The within and foregoing SURREPLY OF PLAINTIFF IN OPPOSITION

TO DEFEDANT'S MOTION TO DISMISS was served electronically as follows:

Daniel Lewis Wilder
Law Offices of Emmett L. Goodman, Jr. LLC
544 Mulberry Street
Suite 800
Macon, GA 31201

This 10th day of July, 2013.

                                                                  /s/Bruce B. Weddell_____
                                                                  Bruce B. Weddell
                                                                  Georgia State Bar No. 745300
                                                                  Attorney for Plaintiff